WENDY J. OLSON
United States Attorney, District of Idaho
JOSHUA D. HURWITT, New York Bar # 4503363
Assistant United States Attorney, District of Idaho
800 Park Blvd., Suite 600
Boise, Idaho 83712
Tel: (208) 334-1718; Fax: (208) 334-9375
joshua.hurwit@usdoj.gov

ROBERT G. DREHER
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
DAVID L. NEGRI, ISB # 6697
United States Department of Justice
Environment and Natural Resources Division
c/o US Attorney's Office
800 Park Blvd., Suite 600
Boise, Idaho 83712
Tel: (208) 334-1936; Fax: (208) 334-1414
david.negri@usdoj.gov

Counsel for Defendants

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| COUNTY OF IDAHO and IDAHO COUNTY BOARD OF COMMISSIONERS, et al., | ) ) ) | Civil No. 3:13-cv-436-EJL |
| Plaintiffs, | ) ) | **DEFENDANTS' ANSWER** |
| vs. | ) ) | |
| UNITED STATES FOREST SERVICE, et al., | ) ) | |
| Defendants. | ) ) ) | |
| | ) | |

Defendants, by and through their legal counsel, and in answer to Plaintiffs' Complaint [ECF No. 1], admit, deny and allege as follows.  Except as expressly admitted herein, the Defendants deny each and every allegation of Plaintiffs' Complaint and each paragraph therein. To the extent that any allegation contained in Plaintiffs' Complaint remains unanswered, the Defendants deny such allegation.  The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1.      The allegations in Paragraph 1 constitute Plaintiffs' characterization of their case and the nature of the action, to which no response is required.   To the extent a response is required, the allegations of paragraph 1 are denied.

2.      Defendants deny the allegations of sentence 1 of Paragraph 2.  Defendants deny the allegations of sentence 2 of Paragraph 2, except Defendants admit that the Bitter Root Forest Reserve was established on February 22, 1897.  Defendants deny the allegations of sentences 3 and 4 of Paragraph 2.

3.      The allegations in Paragraph 3 constitute Plaintiffs' characterization of their case and the nature of the action, to which no response is required.   To the extent a response is required, the allegations of paragraph 3 are denied.

4.      Defendants admit the allegations of sentences 1 and 2 of Paragraph 4.  The allegations of the remaining sentences of Paragraph 4 constitute Plaintiffs' characterization of their case and the nature of the action, to which no response is required.   To the extent a response is required, the allegations of the remaining sentenced of paragraph 4 are denied.

5.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore deny such allegations.

6.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore deny such allegations.

7.      Defendants admit the allegations of sentences 1 and 2 of Paragraph 7. Defendants admit that the Nez Perce-Clearwater National Forest is an administrative subunit of the United States Forest Service with its main office located in Kamiah, Idaho, but otherwise deny the allegations of sentence 3 of Paragraph 7.

8.      Defendants admit that Rick Brazell is the Forest Supervisor for the Nez Perce-Clearwater National Forests.  The remaining allegations in Paragraph 8 constitute Plaintiffs' characterization of their case and the nature of the action, to which no response is required.

9.      The allegations in Paragraph 9 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

10.     The allegations in Paragraph 10 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

11.     The allegations in Paragraph 11 constitute legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

12.     The allegations of Paragraph 12 purport to characterize a treaty between the United States and the Nez Perce Tribe, which treaty speaks for itself and is the best evidence of its contents, and, therefore, no response is required.  To the extent a response is required, the United States admits that the United States entered into a treaty in 1855 with the Nez Perce Tribe, but otherwise denies such allegations.

13.     The allegations of Paragraph 13 purport to characterize a treaty between the United States and the Nez Perce Tribe, which treaty speaks for itself and is the best evidence of

its contents, and, therefore, no response is required.  To the extent a response is required, the United States denies such allegations.

14.     The United States admits the allegations of Paragraph 14, except the United States avers that the Forest is now known as the Nez Perce-Clearwater National Forest.

15.     The allegations of Paragraph 15 purport to characterize a federal statute, which statute speaks for itself and is the best evidence of its contents, and, therefore, no response is required.

16.     In response to the allegations of Paragraph 16, Defendants aver  that National Forest System "Road Systems" are not subject to reservation for public uses and therefore  lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17.     The allegations of Paragraph 17 purport to characterize a state statute, which statute speaks for itself and is the best evidence of its contents, and, therefore, no response is required.

18.     Defendants deny the allegations of Paragraph 18.

19.     The allegations of sentence 1 of Paragraph 19 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, the United States denies such allegations.  Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in sentences 2 and 3 of Paragraph 19, and therefore deny such allegations.

20.     In response to the allegations of sentence 1 of Paragraph 20, Defendants admit that they do not recognize a claim by Idaho County to control and ownership of what Plaintiffs characterize as the "Buckhorn Creek Road System," and that the Forest Service entered an order

dated June 4, 1998, terminated on November 30, 2000, prohibiting motor vehicle use on a portion of Forest Road 212,  on Forest Road 1894, and on other roads within a restricted area. Defendants deny the allegations of sentence 2 of Paragraph 20.

21.     As to the allegations of Paragraph 21, Defendants deny that any land patents can only be accessed by the "Buckhorn Creek Road System."  Defendants otherwise  lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore deny such allegations.

22.      Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and therefore deny such allegations.

23.     The allegations of Paragraph 23 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

24.     In response to the allegations of sentence 1 of Paragraph 20, Defendants admit that they do not recognize a claim by Idaho County to control and ownership of what Plaintiffs characterize as the "Buckhorn Creek Road System," and that the Forest Service entered an order dated June 4, 1998, terminated on November 30, 2000, prohibiting motor vehicle use on a portion of Forest Road 212,  on Forest Road 1894, and on other roads within a restricted area. Defendants deny the allegations of sentence 2 of Paragraph 24.

25.     Defendants hereby incorporate the above answers to Paragraphs 1-24.

26.     The allegations of Paragraph 26 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

27.     The allegations of sentence 1 of Paragraph 27 constitute Plaintiffs' characterization of their case and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.  In response to the allegations of sentence 2 of Paragraph 27, Defendants aver that the rights-of-way claimed by Plaintiffs appear to lie on land owned and managed by the United States.

28.     The allegations of Paragraph 28 constitute Plaintiffs' characterization of their case and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

29.     The allegations of Paragraph 29 constitute legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

30.     The allegations of Paragraph 30 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

31.     The allegations of Paragraph 31 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

32.     Defendants hereby incorporate the above answers to Paragraphs 1-31.

33.     The allegations of Paragraph 33 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

34.     The allegations of sentence 1 of Paragraph 34 constitute Plaintiffs' characterization of their case and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.  In response to the allegations of sentence 2 of

Paragraph 34, Defendants aver that the easements claimed by Plaintiffs appear to lie on land owned and managed by the United States.

36.     The allegations of Paragraph 35 constitute Plaintiffs' characterization of their case and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

36.     The allegations of Paragraph 36 constitute legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

37.     The allegations of Paragraph 37 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

38.     The allegations of Paragraph 38 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

39.     The allegations of Paragraph 30 constitute Plaintiffs' characterization of their case and, therefore, no response is required.

40.     The allegations of Paragraph 40 constitute Plaintiffs' characterization of their case and legal conclusions and, therefore, no response is required.  To the extent a response is required, Defendants deny such allegations.

The remaining allegations of the Complaint constitute Plaintiff's request for relief, to which no response is required.

## DEFENSES

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint is barred by the statute of limitations.

**THIRD DEFENSE**

The Complaint is barred by the doctrine of laches.

**FOURTH DEFENSE**

Plaintiffs lacks standing to assert the claims made in the Complaint.

**FIFTH DEFENSE**

The Complaint lacks subject matter jurisdiction due to Plaintiff's failure to allege a justiciable case or controversy between the parties.

**SIXTH DEFENSE**

The Court lacks jurisdiction over the subject matter of this action due to Plaintiff's failure to satisfy the requirement that it demonstrate a disputed title to real property with respect to Plaintiffs' claims under the Quiet Title Act and thereby invoke a waiver of the United States' sovereign immunity under the Act.

**SEVENTH DEFENSE**

The Court lacks jurisdiction over the subject matter of this action due to Plaintiffs' failure to allege facts sufficient to show that it can satisfy the statute of limitations set forth in the Quiet Title Act.

**EIGHTH DEFENSE**

The Court lacks jurisdiction over the subject matter of this action due to Plaintiff's failure to satisfy the "particularity" requirement of the Quiet Title Act and thereby invoke a waiver of the United States' sovereign immunity under the Act.

**PRAYER FOR RELIEF**

The Defendants request that this Court:

1.  Deny Plaintiffs the relief they seek;

2.  Dismiss the Complaint with prejudice;

3.  Award Defendants their costs and attorney fees to the extent provided by law; and

4.  Award Defendants such other relief as is just and equitable.

Respectfully submitted this 30th day of April, 2014.

WENDY J. OLSON
United States Attorney
JOSHUA D. HURWITT
Assistant United States Attorney

ROBERT G. DREHER
Acting Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

/s/ David L. Negri
DAVID L. NEGRI
U.S. Department of Justice
c/o United States Attorney's Office
800 Park Blvd., Suite 600
Boise, Idaho 83712
(208) 334-1936

Of counsel:

Mark Lodine
Office of the General Counsel
U.S. Dep't of Agriculture

Counsel for Defendants

**CERTIFICATION OF SERVICE**

I HEREBY CERTIFY that on the 30th day of April, 2014, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

DAVID P. CLAIBORNE
SAWTOOTH LAW OFFICES, PLLC
The Golden Eagle Building
1101 W. River St., Ste. 110
P. O. Box 7985
Boise, Idaho 83707
E-mail: david@sawtoothlaw.com

WESLEY W. HOYT
165 Deerfield Drive
Clearwater, Idaho 83552
E-Mail: hoytlaw@hotmail.com

/s/ David L. Negri_____
DAVID L. NEGRI
U.S. Department of Justice
c/o United States Attorney's Office
800 Park Blvd., Suite 600
Boise, Idaho 83712
(208) 334-1936